MARY McKAY AND SAMUEL McKAY, HER HUSBAND, v. HENRY H. PARMELEE, RECEIVER.

Decided November 8, 1923.

**Negligence—Motor Vehicle, Trolley Collision—Evidence That Trolley Disregarded Signals, &c:—Excessive Damages.**

On rule to show cause from the Passaic Circuit.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the plaintiff, *Ward & McGinnis.*

For the defendant, *William B. Gourley.*

PER CURIAM.

The allegation of the complaint, substantially supported by the proof, was that on December 16th, 1919, the plaintiff Mary McKay was riding as a passenger on an automobile truck by the invitation of the driver. The automobile was being driven in a westerly direction over Bergen avenue, in the village of Fairlawn, in Bergen county, and while attempting to cross over the tracks of the defendant company it was struck. The negligence charged in the complaint was high and excessive speed, negligence in failing to check the speed of the car and failure to give the proper signals of its approach and failure to maintain effective brakes.

The plaintiffs were invited to ride in a butcher's delivery automobile. Mr. McKay was sitting on the right of the driver and Mrs. McKay was sitting on his lap. They looked and listened for the approach of a trolley. The trolley came along at a full rate of speed from their left and was traveling north. No signal by bell or whistle or gong was sounded by the motorman, and the trolley hit the front part of the truck and swung it around to the right, and then proceeded

over a distance of two hundred to two hundred and fifty feet before it came to a stop. Mrs. McKay was pinned underneath the cab and helped to her home. She sustained a fracture of five ribs, a dislocated shoulder and many lacerations. Before the accident she had been earning on an average of $23 a week, doing all sorts of heavy work; but at the time of the trial, three and a quarter years after the accident, she was still unable to do any kind of work. Mrs. McKay was given a verdict of $1,000 and Mr. McKay $1,500. We think the contradiction of these alleged facts produced an issue for the jury to determine, and we cannot say that their verdict was against the weight of the evidence. Whether these plaintiffs in their situation as invitees exercised due care presented a question of fact and not a court question.

We think the charge of the trial court was a correct presentation of the law. We think, however, the verdict in the case of the husband cannot be supported by the evidence, and is excessive to the extent of $700. If the plaintiff will accept the reduced verdict, to wit, $800, this rule will be discharged; otherwise it shall be made absolute, and a *venire de novo* may issue, the trial to be limited to the question of damages suffered by the husband.